# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

Case No. 21-cv-00360

ELIZABETH SCOTT, individually and on behalf
of all others similarly situated,

    Plaintiff,

vs.

SYNCHRONY FINANCIAL,
a Delaware Corporation,

    Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL
## UNDER 28 U.S.C. §§ 1331, 1332, 1441 AND 1446

**PLEASE TAKE NOTICE THAT,** pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, defendant Synchrony Bank, erroneously sued as Synchrony Financial ("Synchrony"), by and through its counsel, hereby removes the action titled <u>Elizabeth Scott v. Synchrony Financial</u>, Case No. 2021-CA-000916, from the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida (the "Action"), to the United States District Court for the Middle District of Florida.

1.    <u>Removal Is Timely</u>.  On or about February 12, 2021, plaintiff Elizabeth Scott ("Plaintiff") filed the Action in the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida.  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process and pleadings filed in the Action are attached hereto as **Exhibit A**.  Synchrony was served with a copy of the summons and Complaint in the Action on March 3, 2021.  Synchrony has timely

filed this Notice of Removal pursuant to 28 U.S.C. § 1446(b) because Synchrony has filed it within thirty (30) days of service of the Complaint.

2. <u>This Court Has Federal Question Jurisdiction Over The Action</u>. The Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331 and is one which may be removed to this Court by Synchrony pursuant to the provisions of 28 U.S.C. § 1441. Pursuant to 28 U.S.C. § 1331, original jurisdiction of the district courts includes jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." As a general rule, a case arises under federal law only if it is federal law that creates the cause of action. <u>Diaz v. Sheppard</u>, 85 F.3d 1502, 1505 (11th Cir. 1996) (citing <u>Franchise Tax Bd. of Cal. v. Constr. Laborer's Vacation Trust</u>, 463 U.S. 1, 8-10 (1983)). Plaintiff alleges that Synchrony violated the Telephone Consumer Protection Act, 47 U.S.C § 227, <u>et seq.</u> (the "TCPA"), a claim arising under the laws of the United States and subject to this Court's removal jurisdiction under 28 U.S.C. §§ 1331 and 1441(a).

3. Specifically, Plaintiff alleges that Synchrony began making telephone calls to Plaintiff's cellular telephone using prerecorded messages on January 11, 2021, that Plaintiff called Synchrony on January 12, 2021, and allegedly instructed Synchrony to "no longer contact" her, but that Synchrony allegedly placed approximately fifty (50) calls to Plaintiff since then. (Compl. ¶¶ 17, 18, 21.) Plaintiff alleges that, as a result of these calls, she has suffered "actual harm, including invasion of her privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion[,]" that the calls "inconvenienced Plaintiff and caused disruption to her daily life" and that the calls "rendered Plaintiff's cellular telephone inoperable for other uses while the calls were incoming." (<u>Id.</u> ¶ 24.) Plaintiff purports to assert a claim under the TCPA on behalf of herself and a putative class of similarly situated persons in the United States who,

within four years prior to the filing of the Action, "received a prerecorded voice call on their cellular telephone from [Synchrony] or anyone on [Synchrony's] behalf, without the recipient's express consent and/or after the recipient asked for the calls to stop." (Id. ¶ 25.) Synchrony disagrees that this Action is, or may be, suitable for treatment as a class action, and Synchrony hereby reserves all rights and arguments it may have when opposing any future motion for class certification.

   4. <u>This Court Also Has Diversity Jurisdiction Over The Action</u>.  This Court has original jurisdiction over the Action pursuant to 28 U.S.C. § 1332(a), and the Action is removable to this Court by Synchrony pursuant to 28 U.S.C. § 1441(b).  The Action is a civil action between a citizen of this State and a citizen of a foreign State, and the amount in controversy exceeds $75,000, exclusive of interest and costs.  See 28 U.S.C. § 1332(a)(2) ("[D]istrict courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000 . . . and is between [] citizens of a State and citizens or subjects of a foreign state.").

   a. <u>Diversity of Citizenship Exists</u>.  Complete diversity exists as Plaintiff is a resident of Florida and Synchrony is a resident of Utah.  Initially, a person is a "citizen" of the State in which he or she is domiciled.  See Travaglio v. American Express Co., 735 F.3d 1266, 1269 (11th Cir. 2013) (citizenship is equivalent to domicile for diversity jurisdiction purposes). Plaintiff alleges that she is a resident of Duval County, Florida.  (Compl. ¶ 9).  Synchrony is a federal savings bank whose home office is located in Draper, Utah.  Accordingly, Synchrony is a citizen of Utah.[1]  See 12 U.S.C. § 1332(c)(1).  Thus, diversity of citizenship exists between Plaintiff and Synchrony.

---

[1] Plaintiff erroneously named Synchrony Financial as the defendant in this action and alleges that Synchrony Financial is a Delaware corporation that maintains its headquarters in Stamford,

- 3 -

    b. <u>The Amount In Controversy Is Satisfied</u>.  By the allegations of the Complaint, the amount in controversy exceeds the $75,000 threshold.  <u>See</u> 28 U.S.C. 1446(c)(2); "[I]f a reasonable reading of the complaint discloses that the sum in controversy does in fact exceed [the jurisdictional amount,] the jurisdictional amount will be found to exist."  <u>Estevez Gonzalez v. Kraft, Inc.</u>, 606 F. Supp. 127, 129 (S.D. Fla 1985).  Plaintiff alleges receiving approximately fifty (50) calls to her cellular telephone after she allegedly asked Synchrony to no longer contact her.  (Compl. ¶¶ 18, 21.)  Plaintiff seeks an award of actual and statutory damages.  (<u>Id.</u> ¶ 42.c.)  Under the TCPA, statutory damages are set at $500 for each violation, which may be increased up to 3 times ($1,500 per violation) if the court finds that the defendant "willfully and knowingly" violated the statute.  47 U.S.C. § 227(b)(3).  Plaintiff expressly asks that the Court "treble the amount of statutory damages" in her Complaint.  (Compl. ¶ 42.)  Accordingly, the jurisdictional amount is met through the statutory damages requested by Plaintiff (i.e., $1,500 for each of the alleged fifty calls), before even considering the unspecified actual damages requested by Plaintiff.

  5. <u>Consent Is Not Necessary Because No Other Defendants Have Been Named</u>.  Synchrony is the only named defendant in the Action and, therefore, consent for removal is not needed from any other party pursuant to 28 U.S.C. § 1446(a) & (b).

  6. <u>Venue Is Proper In This Court</u>.  This is the proper district court for removal because the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida, is located within the jurisdiction and venue of the United States District Court for the Middle District of Florida.  <u>See</u> 28 U.S.C. § 1441(a).

---

Connecticut.  (Compl. ¶ 10.)  Accordingly, even if the Court were to look to Plaintiff's allegations regarding citizenship of Synchrony Financial, complete diversity exists.

7. <u>Notice Will Be Effected</u>.  Pursuant to 28 U.S.C. § 1446(d), this Notice of Removal will be served on Plaintiff, the only adverse party, simultaneously with this filing. Additionally, a duplicate copy of this Notice of Removal, without exhibits, will be filed in the Action in state court.

8. Synchrony seeks removal of this Action without prejudice to any and all defenses available to it, including without limitation that Plaintiff is required to arbitrate her claims against Synchrony on an individual basis consistent with the terms of the cardmember agreement governing her Synchrony account.  Synchrony denies all claims alleged in the Action and denies that Plaintiff and the putative class are entitled to any relief whatsoever.

Dated: Miami, Florida
April 2, 2021

Respectfully Submitted,

STROOCK & STROOCK & LAVAN LLP

By:       */s/ Brian C. Frontino*
        Brian C. Frontino

200 South Biscayne Boulevard, Suite 3100
Miami, Florida 33131
Telephone:  (305) 789-9300
Facsimile:  (305) 789-9302
Email: bfrontino@stroock.com
       lacalendar@stroock.com

Attorneys for Defendant
    SYNCHRONY BANK (erroneously sued as SYNCHRONY FINANCIAL)

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed with the Clerk of the Court via CM/ECF on April 2, 2021, and served on the counsel and/or parties of record listed below:

| | |
|---|---|
| Manuel Santiago Hiraldo, Esq.<br>Hiraldo, PA<br>401 E. Las Olas Blvd, Suite 1400<br>Fort Lauderdale, FL 33301<br>Telephone: 954-400-4713<br>Email: mhiraldo@hiraldolaw.com<br><br>*Counsel for*<br>*Plaintiff and the Class* | Ignacio Javier Hiraldo, Esq.<br>IJH Law<br>1200 Brickell Ave, Ste 1950<br>Miami, FL33131-3298<br>Telephone: 786-496-4469<br>Email: ijhiraldo@ijhlaw.com<br><br>*Counsel for*<br>*Plaintiff and the Class* |

The Law Offices of Jibrael S. Hindi
Jibrael S. Hindi
110 SE 6th Street
Suite 1744
Ft. Lauderdale, FL 33301
Telephone:  954.628.5793
jibrael@jibraellaw.com

*Counsel for*
*Plaintiff and the Class*

 

/s/  Brian C. Frontino
Brian C. Frontino

- 1 -

LA 52541025