# EXHIBIT A

Filing # 121310489 E-Filed 02/12/2021 12:21:43 PM

## FORM 1.997.   CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.   CASE STYLE

IN THE CIRCUIT COURT OF THE <u>FOURTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>DUVAL</u>   COUNTY, FLORIDA

<u>Elizabeth Scott, Elizabeth Scott</u>
Plaintiff                                                          Case # _____

                                                                   Judge _____

vs.

<u>Synchrony Financial</u>
 Defendant

### II.   AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

### III.   TYPE OF CASE     (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

ACCEPTED: DUVAL COUNTY, JODY PHILLIPS, CLERK, 02/16/2021 10:58:31 AM

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
    ☐ Business governance
    ☒ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

### COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**     **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**     **NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   1

**VI.**     **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☒ yes
    ☐ no

**VII.**     **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**     **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Ignacio Javier Hiraldo        Fla. Bar # 56031
       Attorney or party                   (Bar # if attorney)

Ignacio Javier Hiraldo              02/16/2021
 (type or print name)                 Date

Filing # 121310489 E-Filed 02/12/2021 12:21:43 PM

**IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA**

Case No.

| | |
|---|---|
| **ELIZABETH SCOTT**, individually and on behalf of all others similarly situated, | **CLASS ACTION COMPLAINT** |
| *Plaintiff,* | **JURY TRIAL DEMANDED** |
| vs. | |
| **SYNCHRONY FINANCIAL,** an Deleware Corporation, | |
| *Defendant.* | |

## CLASS ACTION COMPLAINT

Plaintiff Elizabeth Scott brings this action against Defendant Synchrony Financial to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1.      This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* (the "TCPA").

2.      Defendant engages in unsolicited prerecorded calls without the requisite consent and even after recipients of its calls have asked for Defendant to stop calling.

3.      Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, statutory damages on behalf of themself and members of the Class, and any other available legal or equitable remedies.  Plaintiff also seeks statutory damages on behalf of herself and Class Members, as defined below, and any other available legal or equitable remedies resulting from the unlawful actions of Defendant.

1

**JURISDICTION AND VENUE**

4.     This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of $30,000 exclusive of interest, costs, and attorney's fees.

5.     Defendant is subject to specific personal jurisdiction in Florida because this suit arises out of and relates to Defendant's significant contacts with this State.

6.     Defendant initiated and directed, or caused to be initiated and directed, prerecorded messages into Florida in violation of the TCPA.

7.     Specifically, Defendant initiated and directed, or caused to be initiated and directed, the transmission of unsolicited prerecorded messages to Plaintiff's cellular telephone number (the "3593 Number") to in Florida. The 3593 Number has an area code (407) that specifically coincides with locations in Florida State, and Plaintiff received such messages on the 3593 Number while residing in and physically present in Florida.

8.     Venue for this action is proper in this Court because all facts giving rise to this action occurred in this circuit.

**PARTIES**

9.     Plaintiff is, and at all times relevant hereto was, an individual and a "person" as defined by 47 U.S.C. § 153(39), a citizen and resident of Duval County, Florida.

10.     Defendant is, and at all times relevant hereto was, a Delaware corporation and a "person" as defined by 47 U.S.C. § 153(39) that maintains its headquarters in Stamford, Connecticut. Defendant directs, markets, and provides business activities throughout the State of Florida.

11.     Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

**THE TCPA**

12.     The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an artificial or prerecorded or artificial voice; (3) without the recipient's prior express consent.  47 U.S.C. §

227(b)(1)(A).

13.    In an action under the TCPA, a plaintiff must show only that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

14.    The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

15.    A defendant must demonstrate that it obtained the plaintiff's prior express consent. *See In the Matter of* Rules *and Regulaions Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non- advertising calls").

16.    Consent under the TCPA can be revoked.  *Osorio v. State Farm Bank, F.S.B.,* 746 F.3d 1242, 1255 (11th Cir. 2014) (holding that prior consent under 47 U.S.C. § 227(b)(1)(A)(iii) may be revoked orally; noting "that allowing consent to be revoked orally is consistent with the 'government interest articulated in the legislative history of the Act [that] enabl[es] the recipient to contact the caller to stop future calls.'"); In the Matter of Rules and Regulations Implementing the Tel. Consumer Protection, 30 FCC Rcd. 7961, 7996 ¶¶47, 64 ("[A] called party may revoke consent at any time and through any reasonable means. A caller may not limit the manner in which revocation may occur. Moreover, we emphasize that regardless of the means by which a caller obtains consent, under longstanding Commission precedent, if any question arises as to whether prior express consent was provided by a call recipient, the burden is on the caller to prove that it obtained the necessary prior express consent. . . . Consumers have a right to revoke consent, using any reasonable method including orally or in writing.").

## FACTS

17.    Beginning on approximately January 11, 2021, Defendant began placing calls using

prerecorded messages to Plaintiff's cellular telephone number (the "3593 Number").

18. On January 12, 2021, and after being subjected to numerous calls, Plaintiff called Defendant and instructed Defendant to no longer contact them.

19. Despite this, Defendant continued to call the 3593 Number with prerecorded messages.

20. When Plaintiff listened to Defendant's calls, she was easily able to determine that they were prerecorded. *See Rahn v. Bank of Am.*, No. 1:15-CV-4485-ODE-JSA, 2016 U.S. Dist. LEXIS 186171, at *10-11 (N.D. Ga. June 23, 2016) ("When one receives a call, it is a clear-cut fact, easily discernible to any lay person, whether or not the recipient is speaking to a live human being, or is instead being subjected to a prerecorded message.").

21. In all, Defendant has placed approximately fifty calls to Plaintiff since they asked Defendant to stop calling them.

22. Plaintiff received the subject call with a prerecorded voice within this judicial circuit and, therefore, Defendant's violation of the TCPA occurred within this circuit. Upon information and belief, Defendant caused other prerecorded messages to be sent to individuals residing within this judicial circuit.

23. Plaintiff is the sole user of the telephone number that received Defendant's prerecorded voice calls.

24. Defendant's unsolicited call caused Plaintiff actual harm, including invasion of her privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion.  Defendant's calls also inconvenienced Plaintiff and caused disruption to her daily life.  Additionally, Defendant wasted at least a few minutes listening to Defendant's prerecorded messages, and Defendant's calls rendered Plaintiff's cellular telephone inoperable for other uses while the calls were incoming.

## CLASS ALLEGATIONS

### PROPOSED CLASS

25. Plaintiff brings this lawsuit as a class action on behalf of himself individually and on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3).  The "Class" that Plaintiff seeks to represent is comprised of class and defined as:

> **All persons within the United States who, within the four years prior to the filing of this Complaint, received a prerecorded voice call on their cellular telephone from Defendant or anyone on Defendant's behalf, without the recipient's express consent and/or after the recipient asked for the calls to stop.**

26.     Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

27.     Upon information and belief, Defendant has placed prerecorded calls to telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

28.     The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

29.     There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: [1] Whether Defendant made non-emergency calls to Plaintiff and Class members' telephones using a prerecorded message; [2] Whether Defendant can meet its burden of showing that it had express consent to make such calls; [3] Whether Defendant's conduct was knowing and willful; [4] Whether Defendant is liable for damages, and the amount of such damages; and [5] Whether Defendant should be enjoined from such conduct in the future.

30.     The common questions in this case are capable of having common answers.  If Plaintiff's

claim that Defendant routinely transmits prerecorded calls to telephone numbers, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

31.     Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

32.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### SUPERIORITY

33.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

34.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
## VIOLATION OF 47 U.S.C. § 227(b)
*Individually and on behalf of the Class*

35.     Plaintiff re-alleges and incorporates the paragraphs above as if fully set forth herein.

36.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

37.     Defendant transmitted calls using an artificial or prerecorded voice to the cellular telephone numbers of Plaintiff and members of the putative class.

38.     These calls were made without regard to whether Defendant had first obtained express permission from the called party to make such calls. In fact, Defendant did not have prior express written consent to call the telephones of Plaintiff and the other members of the putative Class when its calls were made as any consent was revoked.

39.     Defendant has, therefore, violated § 227(b)(1)(A)(iii) of the TCPA by using an artificial or prerecorded voice to make non-emergency telephone calls to the telephones of Plaintiff and the other members of the putative Class without their prior express consent.

40.     Defendant knew that it did not have prior express consent to make these calls and knew, or should have known, that it was using an artificial or prerecorded voice. The violations were therefore willful or knowing.

41.     As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls. *Id.*

42.     Because Defendant knew or should have known that Plaintiff and the other members of the

putative Class had not given prior express consent to receive its prerecorded calls to their telephones, the Court should treble the amount of statutory damages available to Plaintiff and members of the putative Class, pursuant to § 227(b)(3) of the TCPA.

**WHEREFORE**, Plaintiff on behalf of herself and the other members of the Class, pray for the following relief:

a.   A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

b.   An injunction prohibiting Defendant from using an artificial or prerecorded voice to contact telephone numbers without the prior express permission of the called party;

c.   An award of actual and statutory damages; and

d.   Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff, individually and on behalf of the Class, hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendants take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: February 12, 2021

Respectfully submitted,

Respectfully submitted,

*/s/ Ignacio J. Hiraldo*

**IJH LAW**

Ignacio J. Hiraldo
Florida Bar No. 56031
1200 Brickell Ave
Suite 1950
Miami, FL 33131
Email: ijhiraldo@ijhlaw.com
Telephone: 786.469.4496

**HIRALDO P.A.**
Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Boulevard Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713


**THE LAW OFFICES OF JIBRAEL S. HINDI**
Jibrael S. Hindi, Esq.
Florida Bar No. 118259
110 SE 6th Street
Suite 1744
Ft. Lauderdale, Florida 33301
Email: jibrael@jibraellaw.com
Telephone: 954-628-5793

*Counsel for Plaintiff and the Class*

Filing # 121310489 E-Filed 02/12/2021 12:21:43 PM

IN THE FOURTH JUDICIAL CIRCUIT COURT,
IN AND FOR DUVAL COUNTY, FLORIDA

ELIZABETH SCOTT, individually and on
behalf of all others similarly situated        ,

                                    Plaintiff,            Case No.: _____

v.                                                       Division: _____

SYNCHRONY FINANCIAL,
an Delaware Corporation            ,
                                    Defendant.

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and copy of the complaint or petition in this
action on defendant(s)    Synchrony Financial, Registered Agent: The Corporation Trust
Company, Corporation Trust Center 1209 Orange St, Wilmington, DE, 19801

_____ *[name(s) and address(es)].*
Each defendant is required to serve written defense to the complaint or petition on plaintiff's
attorney whose name and address is    IJH Law, Ignacio Hiraldo, Esq., 1200 Brickell Ave
Suite 1950, Miami, Fl 33131, E: ijhiraldo@ijhlaw.com

_____ *[name(s) and address(es)]*
within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the
State of Florida, one of its agencies, or one of its officials or employees sued in his or her
official capacity is a defendant, the time to respond shall be 40 days. When suit is brought
pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of
this summons on that defendant , exclusive of the day of service, and to file the original of the
defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or
immediately thereafter. If a defendant fails to do so, a default will be entered against that
defendant for the relief demanded in the complaint or petition.

DATED on    February 16, 2021

                                    Jody Phillips
                                    As Clerk of the Court
                                    By: Christine Kent
                                    As Deputy Clerk

# Affidavit of Process Server

IN THE FOURTH JUDICIAL CIRCUIT COURT, IN AND FOR DUVAL COUNTY, FLORIDA

| ELIZABETH SCOTT, individually and on behalf of all others similarly situated | VS | SYNCHRONY FINANCIAL | 16-2021-CA-000916-XXXX-MA |
|---|---|---|---|
| PLAINTIFF/PETITIONER | | DEFENDANT/RESPONDENT | CASE NUMBER |

| DENORRIS BRITT being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to perform said service.    RECEIVED 03/03/2021 |
|---|

**Service:** I served SYNCHRONY FINANCIAL
NAME OF PERSON / ENTITY BEING SERVED

with (list documents) SUMMONS; COMPLAINT; COVER SHEET

by leaving with AMY MCLAREN                              MANAGING AGENT          At
                              NAME                              RELATIONSHIP

☐ Residence _____
                              ADDRESS                              CITY / STATE

☒ Business   C/O THE CORPORATION TRUST COMPANY, 1209 ORANGE STREET, WILMINGTON, DE 19801
                              ADDRESS                              CITY / STATE

On            03/03/2021                              AT            2:45 PM
              DATE                                                  TIME

Thereafter copies of the documents were mailed by prepaid, first class mail on_____
                                                                                              DATE

from_____
          CITY                    STATE              ZIP

**Manner of Service:**
☒ CORPORATE
☐ **Personal:** By personally delivering copies to the person being served.
☐ **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of _____ and explaining the general nature of the papers.
☐ **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.
☐ **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.

☐ **Non-Service:** After due search, careful inquiry and diligent attempts at the address (es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address   ☐ Moved, Left no Forwarding   ☐ Service Cancelled by Litigant ☐ Unable to Serve in Timely Fashion
☐ Address Does Not Exist ☐ Other_____

**Service Attempts:** Service was attempted on: (1)_____ _____ (2)_____ _____
                                                    DATE          TIME              DATE          TIME

(3)_____ _____ (4)_____ _____ (5)_____ _____
      DATE          TIME              DATE          TIME              DATE          TIME

AGE       40    Sex FEMALE Race  W   Height 5'5   Weight  130    HAIR BROWN

_____
SIGNATURE OF PROCESS SERVER

SUBSCRIBED AND SWORN to before me this 3RD day of MARCH , 2021.

_____
SIGNATURE OF NOTARY PUBLIC

KEVIN DUNN
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires   August 25, 2022

NOTARY PUBLIC for the state of  DELAWARE

2021000813

NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS

ACCEPTED: DUVAL COUNTY, JODY PHILLIPS, CLERK, 03/04/2021 11:20:49 AM

Filing # 121310489 E-Filed 02/12/2021 12:21:43 PM

IN THE FOURTH JUDICIAL CIRCUIT COURT,
IN AND FOR DUVAL COUNTY, FLORIDA

ELIZABETH SCOTT, individually and on
behalf of all others similarly situated

                        Plaintiff,

Case No.: _____

Division: _____

v.

SYNCHRONY FINANCIAL,
an Delaware Corporation
                        Defendant.

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and copy of the complaint or petition in this action on defendant(s)   Synchrony Financial, Registered Agent: The Corporation Trust Company, Corporation Trust Center 1209 Orange St, Wilmington, DE, 19801

_____ *[name(s) and address(es)].*
Each defendant is required to serve written defense to the complaint or petition on plaintiff's attorney whose name and address is   IJH Law, Ignacio Hiraldo, Esq., 1200 Brickell Ave Suite 1950, Miami, Fl 33131, E: ijhiraldo@ijhlaw.com

_____ *[name(s) and address(es)]*.
within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to 768.28, Florida Statutes, the time to respond shall be 30 days.**" after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on   February 16, 2021

Jody Phillips
As Clerk of the Court
By: Christine Kent
As Deputy Clerk

ACCEPTED: DUVAL COUNTY, JODY PHILLIPS, CLERK, 02/16/2021 10:58:31 AM

# Affidavit of Process Server

### IN THE FOURTH JUDICIAL CIRCUIT COURT, IN AND FOR DUVAL COUNTY, FLORIDA

ELIZABETH SCOTT, individually and on behalf of all others similarly situated      VS      SYNCHRONY FINANCIAL        16-2021-CA-000916-XXXX-MA

| PLAINTIFF/PETITIONER | DEFENDANT/RESPONDENT | CASE NUMBER |

ᵢ DENORRIS BRITT _____ being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to perform said service.   RECEIVED 03/03/2021

**Service:** I served SYNCHRONY FINANCIAL
NAME OF PERSON / ENTITY BEING SERVED

with (list documents) SUMMONS; COMPLAINT; COVER SHEET

by leaving with AMY MCLAREN        MANAGING AGENT        At
                    NAME                    RELATIONSHIP

☐ Residence _____
            ADDRESS                    CITY / STATE

☒ Business   C/O THE CORPORATION TRUST COMPANY, 1209 ORANGE STREET, WILMINGTON, DE 19801
            ADDRESS                    CITY / STATE

On ____ 03/03/2021 ____ AT ____ 2:45 PM ____
        DATE                    TIME

Thereafter copies of the documents were mailed by prepaid, first class mail on _____
                                                                        DATE

from _____
    CITY        STATE        ZIP

**Manner of Service:**
☒ CORPORATE
☐ **Personal:** By personally delivering copies to the person being served.
☐ **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of _____ and explaining the general nature of the papers.
☐ **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.
☐ **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.

☐ **Non-Service:** After due search, careful inquiry and diligent attempts at the address (es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address   ☐ Moved, Left no Forwarding   ☐ Service Cancelled by Litigant ☐ Unable to Serve in Timely Fashion
☐ Address Does Not Exist ☐ Other _____

**Service Attempts:** Service was attempted on: (1) _____ (2) _____
                                        DATE   TIME        DATE   TIME
(3) _____ (4) _____ (5) _____
    DATE   TIME        DATE   TIME        DATE   TIME

AGE   40   Sex FEMALE Race W   Height 5'5   Weight 130   HAIR BROWN

SIGNATURE OF PROCESS SERVER

SUBSCRIBED AND SWORN to before me this 3RD day of MARCH , 2021.

SIGNATURE OF NOTARY PUBLIC

KEVIN DUNN
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires   August 25, 2022

NOTARY PUBLIC for the state of   DELAWARE

2021000813

NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS

ACCEPTED: DUVAL COUNTY, JODY PHILLIPS, CLERK, 03/04/2021 11:20:49 AM

Filing # 121310489 E-Filed 02/12/2021 12:21:43 PM

IN THE FOURTH JUDICIAL CIRCUIT COURT,
IN AND FOR DUVAL COUNTY, FLORIDA

ELIZABETH SCOTT, individually and on
behalf of all others similarly situated          ,

                                    Plaintiff,

v.

SYNCHRONY FINANCIAL,
an Delaware Corporation                     ,
                                    Defendant.

Case No.: _____

Division: _____

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and copy of the complaint or petition in this
action on defendant(s) __Synchrony Financial, Registered Agent: The Corporation Trust__
__Company, Corporation Trust Center 1209 Orange St, Wilmington, DE, 19801__

_____ *[name(s) and address(es)].*
Each defendant is required to serve written defense to the complaint or petition on plaintiff's
attorney whose name and address is __IJH Law, Ignacio Hiraldo, Esq., 1200 Brickell Ave__
__Suite 1950, Miami, Fl 33131, E: ijhiraldo@ijhlaw.com__

_____ *[name(s) and address(es)]* .
within 20 days " Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the
State of Florida, one of its agencies, or one of its officials or employees sued in his or her
official capacity is a defendant, the time to respond shall be 40 days. When suit is brought
pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days." after service of
this summons on that defendant , exclusive of the day of service, and to file the original of the
defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or
immediately thereafter. If a defendant fails to do so, a default will be entered against that
defendant for the relief demanded in the complaint or petition.

DATED on __February 16, 2021__

Jody Phillips
As Clerk of the Court
By: Christine Kent
As Deputy Clerk

ACCEPTED: DUVAL COUNTY, JODY PHILLIPS, CLERK, 02/16/2021 10:58:31 AM

## IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
## IN AND FOR DUVAL COUNTY, FLORIDA

### CASE NO. 16-2021-CA-000916-XXXX-MA

ELIZABETH SCOTT,
individually and on behalf of all,
others similarly situated,                                  **CLASS ACTION**

      Plaintiff,                                              **JURY TRIAL DEMANDED**

v.

SYNCHRONY FINANCIAL,

      Defendant.

_____/

### NOTICE OF APPEARANCE ON BEHALF OF PLAINTIFF

PLEASE TAKE NOTICE that Manuel S. Hiraldo of the law firm of Hiraldo P.A. enters his

appearance in this case as counsel for Plaintiff and requests that copies of all pleadings, motions, orders,

notices, correspondence, and documents of any kind regarding the above-styled cause be served upon

said counsel.

Date: March 3, 2021

                                    Respectfully submitted,

                                      **HIRALDO P.A.**
                                      401 E. Las Olas Boulevard, Suite 1400
                                      Ft. Lauderdale, Florida 33301

                                      */s/ Manuel S. Hiraldo*
                                      Manuel S. Hiraldo
                                      Florida Bar No. 030380
                                      Email: mhiraldo@hiraldolaw.com
                                      Telephone: 954.400.4713
                                      *Counsel for Plaintiff*

IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA

ELIZABETH SCOTT, individually and on
behalf of all others similarly situated,

CASE NO. 16-2021-CA-000916-XXXX-MA

      Plaintiff,

v.

SYNCHRONY FINANCIAL,
an Delaware Corporation,

      Defendant.

_____/

## NOTICE OF APPEARANCE AND EMAIL DESIGNATIONS

**PLEASE TAKE NOTICE** that the law firm of Stroock & Stroock & Lavan LLP makes

an appearance as counsel for defendant Synchrony Bank, erroneously sued as Synchrony

Financial, and requests that copies of all correspondence, pleadings and any and all documents

filed in this action be served upon Brian C. Frontino, Esq. by email to the following addresses:

      Primary:    bfrontino@stroock.com
      Secondary:  lacalendar@stroock.com

Dated:  March 17, 2021

STROOCK & STROOCK & LAVAN LLP
200 South Biscayne Boulevard, Suite 3100
Miami, Florida 33131
Telephone:  (305) 358-9900
Facsimile:  (305) 789-9302
Email: lacalendar@stroock.com

  By:  /s/ Brian C. Frontino_____
Brian C. Frontino
Florida Bar No. 95200
bfrontino@stroock.com

Attorneys for Defendant
*Synchrony Bank*

LA 52537893

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this March 17, 2021 a true and correct copy of the

foregoing document was filed electronically through the Florida Courts E-Filing Portal, which

electronically served all counsel of record including:

Ignacio Javier Hiraldo, Esq.
IJH Law
1200 Brickell Ave, Ste 1950
Miami, FL33131-3298
Telephone: 786-496-4469
Email: ijhiraldo@ijhlaw.com

Manuel Santiago Hiraldo, Esq.
Hiraldo, PA
401 E. Las Olas Blvd, Suite 1400
Fort Lauderdale, FL 33301
Telephone: 954-400-4713
Email: mhiraldo@hiraldolaw.com

Attorneys for Plaintiff

*/s/ Brian C. Frontino*
Brian C. Frontino